BRYSON VS WALLACE.

Opinion delivered September 25, 1902.

1. *Appeal—Bill of Exceptions—Must Contain all Proceedings on Which Errors are Assigned.*

Where the errors assigned are overruling motion for continuance and permitting appellee to impeach his own written contract, and neither

the motion nor contract are incorporated in the bill of exceptions, such errors will not be considered on appeal.

2.  *Evidence—Sufficiency of to Sustain Verdict.*

Where the bill of exceptions shows that plaintiff testified that defendant was indebted to him in a certain amount, and that defendant introduced no evidence, a directed verdict for plaintiff must be upheld and affirmed.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action by W. J. Wallace against G. W. Bryson. Judgment for plaintiff. Defendant appeals. Affirmed.

This was a suit brought by W. J. Wallace, the plaintiff below, before M. M. Beavers, United States commissioner in and for the Southern district of the Indian Territory, at Chickasha, against G. W. Bryson, the appellant herein, on the 20th day of May, 1896, for $132, claimed to be due him for services rendered. Summons was issued and served upon the appellant returnable on the 8th day of June, 1896, and on that day the defendant appeared in person and filed his answer, denying that he was indebted to the plaintiff. The defendant further answered that he had been damaged in various amounts by reason of the failure of the plaintiff to carry out and perform the conditions of his contract, and that plaintiff was indebted to the defendant in the sum of $300 over and above the amount claimed by the plaintiff. A jury was impaneled and sworn in the commissioner's court, and returned a verdict in favor of the defendant for $36. On the 20th of July, 1896, Wallace filed the necessary affidavit, and, upon proper bond being filed and approved, the cause was removed to the United States district court, sitting at Chickasha. February 6, 1897, in the United States District Court, appellant, Bryson,

moved the court to continue the cause, which motion was over-
ruled by the court, and the cause proceeded to trial. A verdict
was then returned by the jury in favor of Wallace in the sum of
$132. Appellant filed a motion for a new trial, which was over-
ruled, and judgment was entered on the verdict. An appeal was
then prayed and allowed to this court, and the record filed here-
in on the 26th day of October, 1897.

*F. E. Riddle* and *E. M. Payne*, for appellant.

*Smoot & Gilbert*, for appellee.

RAYMOND, J. The appellant presents four assignments of
error for our consideration: First, the court erred in overruling
appellant's motion for a continuance; second, the court erred in
permitting and allowing appellee to impeach the written contract
upon which he based his cause of action; third, the court erred in
instructing the jury to return a verdict for appellee; fourth, the
court erred in overruling appellant's motion for a new trial.

The first assignment of error is not well taken, for the rea-
son that no affidavit for a continuance has been made a part of
the record by a bill of exceptions. The mere fact that an affidav-
it may be copied into the transcript by the clerk who makes up
the record is not sufficient. "Affidavits which have been used in
any proceeding connected with the case in the trial court can only
be made a part of the record by being incorporated into the bill of
exceptions." 2 Thomp. Trials, p. 2107, § 2774.

As to the second assignment of error, it is sufficient to say
that, if the basis of the plaintiff's action was a written contract, it
most certainly would be set out and made a part of the record by
a bill of exceptions. By turning to the bill of exceptions, it will
be seen that no written contract of any kind is set out, and this
court cannot say what evidence was introduced, but must pre-

sume that the evidence was sufficient to support the verdict, the bill of exceptions showing upon its face that all of the evidence introduced is not set forth.

The third assignment of error, that the court erred in instructing the jury to return a verdict for the plaintiff, is not well taken, for the reason that the bill of exceptions shows that the plaintiff, Wallace, testified that the defendant was indebted to him in the sum of $132, and that the defendant failed to introduce other evidence. If this statement in the bill of exceptions is true, —and the court must so hold,—then there was nothing else for the court to do but to instruct the jury to return a verdict for the plaintiff in the sum of $132.

The fourth assignment of error is that the court erred in overruling appellant's motion for a new trial. The motion for a new trial is not made a part of the record by a bill of exceptions, and hence cannot be considered by this court.

Finding no error in the record, the judgment of the lower court must be affirmed.